UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PATIENTPOINT NETWORK SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE VETERAN GROUP, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:21-cv-01241 (MSN/IDD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff, PatientPoint Network Solutions LLC's ("PatientPoint" or "Plaintiff") Motion for Default Judgment against Defendant, The Veteran Group, Inc. ("Veteran Group" or "Defendant"). Dkt. No. 10. After the Defendant failed to file an answer, plead, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment and the supporting memorandum, and relevant portions of the underlying record, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** as to Count I of the Complaint and **DISMISSED without prejudice** as to the remaining counts.

### I.  INTRODUCTION

On November 9, 2021, Plaintiff filed its Complaint against the Defendant asserting causes of actions for: (1) breach of contract, (2) action for the price under R.C. § 1302.83, (3) account

1

stated, (4) and unjust enrichment. Dkt. No. 1. In its Complaint, Plaintiff seeks monetary damages, pre-and post-judgment interest[1], costs, and attorney's fees. Compl. at 10.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. Compl. ¶ 7. This Court has personal jurisdiction over Defendant because it is a Virginia corporation with its principal place of business in this District and this lawsuit also arises from Defendant's actions or omissions in this District, pursuant to the contract at issue. *Id.* ¶ 9.

Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant is "deemed to reside" in this District and a substantial part of the events or omissions giving rise to the Complaint occurred in this District. *Id.* ¶ 8.

### B. Service of Process

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), a party may serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). On November 16, 2021, Plaintiff, through a process server, served Veteran Group's registered agent, LegalCorp. Solutions, Inc., with a copy of the Complaint and Summons. Dkt. No. 10-1 at 3. Therefore, the undersigned finds that service of process is proper in this action.

### C. Grounds for Default Judgment

Plaintiff filed its Complaint on November 9, 2021. Dkt. No. 1. Plaintiff served Defendant on November 16, 2021. Dkt. No. 6. On January 10, 2022, Plaintiff filed a Request for Entry of

---

[1] The undersigned makes no recommendation regarding post-judgment interest because Plaintiff did not address it as part of its Motion for Default Judgment.

Default with the Clerk of Court. Dkt. No. 8. The Clerk entered Default against Defendant on January 12, 2022. Dkt. No. 9. On February 14, 2022, Plaintiff filed its Motion for Default Judgment and accompanying memorandum in support of its motion. Dkt. No. 10. Upon this matter's referral, a hearing was held before the undersigned Magistrate Judge on February 25, 2022. Dkt. No. 14. In light of Defendant's failure to appear at the hearing or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. *Id.*

## II. FACTUAL FINDINGS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff is an Ohio limited liability company with its principal place of business located at 5901 E. Galbraith Road, Cincinnati, Ohio 45236. Compl. ¶ 5. It develops software and other technological products for sale to health providers. *Id.* Defendant is a Virginia corporation with its principal place of business at 7996 Reserve Way, Vienna, Virginia 22182 and is a Service-Disabled Veteran-Owned Small Business that resells goods to the United States Government. *Id.* ¶ 6.

In June of 2017, Plaintiff and Defendant entered into a Reseller Agreement ("the Agreement") which established the terms and conditions for Defendant's purchase and license of Plaintiff's products for resale to the United States government. *Id.* ¶¶ 10-11. Paragraph 5.1 of the Agreement provides that "Company [Plaintiff] will charge Reseller [Defendant] for Products at the prices as set forth in Schedule B to this Agreement" and "Reseller will make payment of the Company's invoices to the Company [Plaintiff] within fifteen (15) days of Reseller's receipt of its customers' payments to it. *Id.* ¶ 12. Unpaid amounts will be subject to a monthly late fee of 1.5% of the outstanding balance or the maximum legally allowable interest rate, whichever is lower."

*Id.* Paragraph 14.2 provides that "Ohio law governs this Agreement without consideration to that body of law referred to as 'conflicts of law.'" *Id.* ¶ 13. Paragraph 14.2 further provides that "Company and Reseller will attempt to settle any claim or controversy arising out of it through consultation and negotiation in good faith and a spirit of mutual cooperation. Any dispute which cannot be resolved through negotiation or mediation may be submitted to the courts of appropriate jurisdiction." *Id.* ¶ 14.

Pursuant to the Agreement, Defendant resold nine units of one of Plaintiff's products and nine units of another of Plaintiff's products to VA NY Harbor Health Care System in New York, New York for a one-year term that provided the VA facility the option to continue the arrangement for additional years (the "New York Resale"). *Id.* ¶ 15. Plaintiff issued an invoice to Defendant for the first year of the New York Resale, dated January 15, 2020 (the "First New York Invoice"). *Id.* ¶ 16. The First New York Invoice was in the amount of $105,122.00, less (i) a 10% site discount of $10,512.00 and (ii) Defendant's reseller fee of $4,730.00, for a total of $89,880.00. *Id.* ¶ 17. The First New York invoice provided that Defendant's payment was due to Plaintiff by February 14, 2020, and that, consistent with the Agreement, a 1 ½ % per month finance charge would be added to past due accounts. *Id.* ¶ 18. Defendant did not pay the First New York Invoice by February 14, 2020, nor has it paid any portion of that invoice to date. *Id.* ¶ 19.

Plaintiff issued a revised First New York Invoice that tabulated late fees through October 6, 2021, of $27,975.15, for a total amount due of $117,855.15. *Id.* ¶ 20. Plaintiff issued an invoice to Defendant for the second year of the New York Resale, dated September 4, 2020 (the "Second New York Invoice"), in the amount of $105,122.00, less (i) a 10% site discount of $10,512.00 and (ii) Defendant's reseller fee of $4,730.00, for a total of $89,880.00. *Id.* ¶¶ 21-22. The Second New York invoice provided that Defendant's payment was due to Plaintiff by October 3, 2020, and that,

consistent with the Agreement, a 1 ½ % per month finance charge would be added to past due accounts. *Id.* ¶ 23. Defendant did not pay the Second New York Invoice by October 3, 2020, nor has it paid any portion of that invoice to date. *Id.* ¶ 24. Plaintiff issued a revised Second New York Invoice that tabulated late fees through October 4, 2021, of $17,526.60, for a total amount due of $107,406.60. *Id.* ¶ 25.

Pursuant to the Agreement, Defendant resold 12 units of one of Plaintiff's products to Northern Arizona VA Health Care System in Prescott, Arizona (the "Arizona Resale"). *Id.* ¶ 26. Plaintiff issued an invoice to Defendant for the Arizona Resale, dated February 21, 2020 (the "Arizona Invoice"), in the amount of $77,112.00, less Defendant's reseller fee of $3,856.00, for a total of $73,256.00. *Id.* ¶¶ 27-28. The Arizona Invoice provided that Defendant's payment was due to Plaintiff by March 21, 2020, and that, consistent with the Agreement, a 1 ½ % per month finance charge would be added to past due accounts. *Id.* ¶ 29. Defendant did not pay the Arizona Invoice by March 21, 2020, nor has it paid any portion of that invoice to date. *Id.* ¶ 30. Plaintiff issued a revised Arizona Invoice that tabulated late fees through October 5, 2021, of $21,427.38, for a total amount due of $94,683.38. *Id.* ¶ 31.

Plaintiff attempted to resolve its dispute with Defendant regarding Defendant's nonpayment of invoices through consultation and negotiation, in good faith and a spirit of mutual cooperation, because Defendant had not paid Plaintiff the amounts owed under the New York and Arizona Invoices. *Id.*

¶ 32. In that regard, Defendant did not dispute that it received payments from the United States government for the New York and Arizona Resales. *Id.* ¶ 33. Nor did Defendant dispute that, under the Agreement's terms, Defendant owed the invoiced amounts. *Id.* Defendant refuses to pay Plaintiff any amounts toward the New York and Arizona Invoices because it prefers that Plaintiff

submit to Defendant's demand for a larger reseller fee than the fee Defendant bargained for. *Id.* ¶ 34.

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). A defendant in default concedes the factual allegations of the complaint and is barred from contesting them on appeal. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a

Plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

As noted above, Plaintiff brought claims for breach of contract, action for the price under R.C. § 1302.83, account stated, and unjust enrichment. Since Plaintiff seeks to recover the same relief on each claim, it is not necessary to address all of them. The following recommendations are limited to the breach of contract claim because it is the central allegation in this matter, and the facts alleged support a finding of liability.

### A. Count I- Breach of Contract

Plaintiff seeks to recover on a breach of contract claim under Count I of the Complaint. Pursuant to the Agreement, Plaintiff's breach of contract claim is governed by Ohio law. Dkt. 10-2, ¶ 14.2. Under Ohio law, in pleading an action for breach of contract, the plaintiff must demonstrate: "(1) the parties reached a valid and binding agreement; (2) that [Defendant] breached the terms of that agreement; and (3) that [Plaintiff] suffered damages as a result of the breach of contract." *Barker v. Lifeline Field Mktg., LLC*, 93 N.E.3d 123, ¶ 21 (Ohio Ct. App. 2017).

Here, the undersigned finds that Plaintiff has alleged sufficient facts to demonstrate that it entered into a legally enforceable obligation with Defendant. First, there is a legally enforceable obligation of Defendant to Plaintiff, as evidenced by their executed Agreement in June 2017. Compl. ¶ 10. Second, Defendant materially breached the Agreement because it failed to pay Plaintiff after reselling Plaintiff's products. *Id.* ¶¶ 15-31. In that regard, the Agreement provides that "[Plaintiff]

7

will charge [Defendant] for Products at the prices as set forth in Schedule B to this Agreement" and "[Defendant] will make payment of the Company's invoices to the [Plaintiff] within fifteen (15) days of [Defendant]'s receipt of its customers' payments to it. *Id.* ¶ 12. However, Defendant failed to do so. Lastly, Plaintiff has an injury caused by Defendant because Defendant's failure to pay Plaintiff caused Plaintiff to suffer $329,243.59 in damages – the amount owed over the invoices plus any late fee charges. *Id.* ¶¶ 41-42. The record reflects that Defendant did not dispute the outstanding amount of $329, 243.59, including the 1 ½% finance charges due based upon in invoices dated January 15, 2020, September 4, 2020, and February 21, 2020. *See* Dkt. No. 10-2. Plaintiff brought this action because Defendant has not satisfied the amount owed to Plaintiff. Therefore, the undersigned finds that Plaintiff has properly established a breach of contract claim against Defendant and recommends that Plaintiff's Motion be granted as to Count I breach of contract.

### B.   Pre-Judgment Interest

Ohio law also governs Plaintiff's request for pre-judgment interest. *Wichard v. Suggs*, No. 1:15cv1722 (JCC/TCB), 2016 WL 1322549, at *4 (E.D. Va. April 5, 2016) (citations omitted) (state law governs pre-judgment interest rates in diversity suits and courts enforce choice-of-law provisions to determine which state's laws apply). Plaintiff is thus entitled, as a matter of law, to pre-judgment interest at a rate of three percent per year beginning on February 14, 2020 for the New York Invoice, October 3, 2020 for the Second New York Invoice, and March 21, 2020 for the Arizona Invoice, as those are the dates when TVG should have paid Plaintiff under the TVG Invoices. Ohio Rev. Code 1343.03(A) (Ohio Rev. Code 5703.47 determines the rate of pre-judgment interest). *See* State of Ohio Department of Taxation Interest Rate Certification for

Calendar Year 2022, (under Ohio Rev. Code 5703.47, interest rate for 2022 is three percent)[2]; *Fabrizi Trucking & Paving Co., Inc. v. City of Cleveland*, 85 N.E.3d 279 (Ohio Ct. App. 2017) (citations omitted) (party prevailing on breach of contract claim entitled to pre-judgment interest "as a matter of law"); *Johncol, Inc. v. Cardinal Concession Serv., L.L.C.*, 101 N.E.3d 1014, ¶34 (Ohio Ct. App. 2017) (prejudgment interest accrues on a contract claim from the time that the money due to the plaintiff should have been paid).

### C. Attorney's Fees and Costs

Pursuant to Paragraph 13 of the Reseller Agreement, Plaintiff may recover costs and attorney's fees incurred in connection with Defendant's breach of the Agreement. Dkt. No. 10-2, *See also* Martini Aff., Exhibit A, ¶13. Accompanying this Motion is a declaration signed by Alex E. Wallin, Plaintiff's counsel, attesting to the fees billed in connection with this matter. *See* Exhibit 2. The total time spent by counsel on this matter was 44.5 hours at hourly rates ranging from $370 to $410 for partners and $220 to $290 for paralegals. *Id.* The Wallin Declaration shows that Plaintiff has incurred $15,976.50 in attorney's fees and $402.00 in costs to pursue this litigation. Having reviewed the supporting documentation, the undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned recommends an award of $16,387.50 in attorney's fees and costs.

---

[2] The State of Ohio Department of Taxation Interest Rate Certification for Calendar Year 2022 is available at *https://tax.ohio.gov/static/ohio_individual/individual/cy2022 adminjournalentry.pdf*.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED** as to Count I of the Complaint and **DISMISSED without prejudice** as to the remaining counts. Accordingly, the undersigned Magistrate Judge recommends that an Order be entered awarding Plaintiff $329,243.59 for unpaid invoices, $16,387.50 in attorney's fees and costs, and pre-judgment interest at a rate of 3% per year beginning on February 14, 2020 for the New York Invoice, October 3, 2020 for the Second New York Invoice, and March 21, 2020 for the Arizona Invoice.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendant at the following addresses:

The Veteran Group, Inc.
7996 Reserve Way
Vienna, VA 22182

The Veteran Group, Inc.
c/o LegalCorp. Solutions, Inc., Registered Agent
4000 Legato Road, Suite 1100
Fairfax, VA 22033

August 29, 2022
Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge